IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**MARGARET JEAN SMITH,**

    **Plaintiff,**

vs.                                                **CIVIL ACTION NO. 5:22-CV-00310**

**GOVERNMENT, FBI AGENTS AND
EMPLOYEES,** *ET AL.*,

    **Defendants.**

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1)[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the Complaint[2] (ECF No. 2), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[3]

---

[1] Although Plaintiff indicates she has $46,000.00 in cash, savings, or checking account, given the allegations contained in her Complaint, the pre-screening requirements under 28 U.S.C. § 1915(e)(2)(B)(ii) did not warrant an order that this Plaintiff should submit the appropriate filing fees.

[2] While it is the undersigned's practice to allow *pro se* litigants to amend their complaints when upon initial review there appears no cognizable claim for relief, the undersigned determined that this particular litigant will be unable to comply with that directive. The undersigned reviewed a prior complaint filed by this litigant that involved similar allegations, and previously gave her an opportunity to amend, but she still failed to state any cognizable claim for relief (see *Margaret Jean Smith v. United States of America, et al.,* No. 5:21-cv-677). It is further noted that the Court adopted the undersigned's proposed findings and recommendation for disposition in that prior action (Id.; ECF No. 12).

[3] Because Plaintiff is proceeding *pro se*, the documents she filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

**Plaintiff's Allegations**

In her Complaint, Plaintiff names the following Defendants: (1) "FBI Field Office, Government Agency, 200 George St, Beckley, Raleigh, WV 25801"; (2) "FBI Office, Government Agency, 110 North Heber St, Beckley, Raleigh, WVa, 25801"; (3) "FBI Field Office, Government Agency, 10 Hale St, Charleston, Raleigh, WV 25301"; (4) "FBI Field Office, Government Agency, 113 Virginia St. East, Charleston, WV 25301"; (5) "FBI Field Office, Government Agency, 320 West Pike St, Clarksburg, WV, 26300"; (6) "U.S. Beckley Court House, Federal Employees, 110 North Heber St., Beckley, Raleigh Cty, WVa 25801"; (7) "U.S. Charleston Court House, Federal Employees, 300 Virginia St. East #2400, Charleston, Kanawha County, W.V., 25301"; (8) "Danese Ruth Collins, Robert Chester Collins, Del[a]ware"; (9) "Franklin D. Taylor, Jacksonville, Fla"; (10) "Shirley Ann Taylor, Blackman Rd."; (11) "Legal Shield"; (12) "David Ford, Caldwell & Riffee Law Firm, Charleston, WVa"; (13) "Mr. Caldwell, Caldwell & Riffee Law Firm, Charleston, WVa"; and (14) "Mr. Riffee, Caldwell & Riffee Law Firm, Charleston, WVa" (ECF No. 2 at 2-4).

Plaintiff indicates the basis for federal court jurisdiction is based upon a federal question: "18 U.S. Code § 241 Conspiracy", "28 U.S.C. § 1331", and "28 U.S. Code § 1359." (Id. at 6)

From the undersigned's review of Plaintiff's most recent civil action filed in this District, it appears that she continues to build upon the litany of allegations she initially set forth in an earlier complaint (see footnote 2, *supra*).[4] Although Plaintiff's current complaint contains numerous past grievances that this Court is now quite familiar with, she also alleges some more recent events in an attempt to bolster her claims. However, the gravamen of Plaintiff's current

---

[4] Notably, Plaintiff originally provided the case number from her earlier lawsuit, 5:21-cv-677, and has written that civil action number periodically throughout this current action. This provides additional evidence that Plaintiff may have intended to *again* amend her original complaint.

allegations again concern a "conspiracy" against her that has been ongoing since 1993 through the present year. She alleges violations to her Fourth Amendment rights, civil rights, "HIPPA", as well as being "stopped [] from getting [a] lawyer." (Id. at 7) Plaintiff demands "15 million dollars" in damages for mental, physical and emotional injuries caused by the conspiracy against her; "dental cost"; and "Feb. 23, 2010 and Feb. 9, 2011 through March 2017 medical expenses." (Id.) Plaintiff asserts that she is "still disabled from this conspiracy going on still" and asks for $50,000 from each person involved in government conspiracy personally." (Id.)

Specifically, Plaintiff alleges the following:

1. Defendant "FBI Office" and other named Defendants ("Defendant #2 #1 thru #6")[5] used mental hygiene filings against Plaintiff for thirty years to prevent her from getting a lawyer and from filing lawsuits to let the statute of limitations to run and not get compensation from 1993 through 2022. Plaintiff indicates that this occurred not only in West Virginia, but in other states as well from 2021 to 2022. She states that her mental and physical health was destroyed "by this investigation" and that she lost touch with her grandson. (Id. at 8)

2. "Defendants #1 and #2" conspired against Plaintiff from receiving any compensation from 1993 through 2022 and that her civil rights were violated. (Id. at 9)

3. "Defendant #2" ostensibly filed three mental hygiene petitions on Plaintiff and violated her civil rights by listening in on her phone conversation, installing listening devices in her home, putting a tracking device on her car, as well as placing listening devices on her body without her knowledge from 1992 to 2021 in Beckley, West Virginia. (Id.)

---

[5] As referenced above, these Defendants include the various FBI Field Offices in Beckley, Charleston, and Clarksburg as well as unnamed "Federal Employees" at the U.S. Courthouse in Beckley. For ease of reference, the undersigned adopts Plaintiff's enumeration of the specific Defendants for each of the claims or paragraphs containing Plaintiff's allegations as set forth in her Complaint.

4. In 2013, "Defendants #1 and #2", including an FBI agent, threatened a lawyer, Tripp Franklin in Staunton, Virginia that his law license will be taken if he tried to file a lawsuit for Plaintiff. (Id.)

5. From 1996 to 2022, an FBI agent, and Defendants "#1, #2, and #3" prevented Plaintiff from receiving compensation during the investigation due to a conspiracy against her. (Id.)

6. For "Claim #2", "Defendant 1 & 2 & 3" conspired with "Mary Elizabeth Elliott" to the extent that she received money from the FBI that was kept for Plaintiff at a law firm in Princeton, West Virginia by Greg Prudesh; Plaintiff indicates that her "mom" kept this money, causing Plaintiff to file for bankruptcy in 1995; this also kept Plaintiff from receiving any compensation from the government and from a State Farm insurance claim. (Id. at 10)

7. For "Claim #3", Plaintiff indicates that "Defendants #1, #2, #3, #4, #6, #7" conspired against Plaintiff: her "mom and family used the FBI agents to run out the statute of limitation on all claims for any money"; and "the Taylors has been [sic] trying to claim my patent infringement conspiracy for themself [sic]." Plaintiff indicates that the conspiracy against her was due to the investigation by the government where these parties were trying to get her "patent money" and "lawyers getting information to steal the royalties because the FBI contacted them on everything every day to let my moms family know." (Id.)

8. Plaintiff reiterates her claim that the FBI agent and her mom and family ran out the statute of limitations on all Plaintiff's claims for any lawsuit; she indicates that they helped the "Taylor family" to infringe upon her patent rights for royalties. "The conspiracy was carried out by FBI having their employees to help all over West Virginia to do [various] things to me that kept me upset." Plaintiff states she filed a Department of Justice claim

and that afterwards her car battery "stopped 5 times in one week" and ostensibly on June 9, 2022, she was threatened "by a person in parking lot to back off or I would be hurt." Plaintiff also alleges that "over the course of years my phone pass code would stop working because of being hacked. At present time my phone is not working at all." (Id. at 11)

9. Plaintiff indicates that "Defendant #3, #4, #6, #7" and/or FBI agents hacked her CAMC hospital records "and tried to get me to tell them what was on the records." (Id. at 12)

10. Ostensibly in 2022, Plaintiff alleges that "[t]he FBI agent contacted me on my car radio saying he had been watching me brush my hair back off my cheeks of my face. [H]e insinuate[d] that he would keep me from getting any money. And what about my family a threat." (Id.)

11. Regarding "Defendant #2", Plaintiff indicates that she filed a "ICE 3 complaint form" on May 19, 2022 and her "phone was hacked in Front Royal Va. on computer" and that "Richmond T-Mobile office called to tell me my phone was stripped of all messages, texts and calls." Plaintiff alleges "[t]his is a part of the plot of patent infringement/conspiracy by FBI agents & Philip Schwartz of Delaware" (Id.).[6]

12. Plaintiff indicates that with regard to "Defendant #2 #3", on June 9, 2022, she "was threaten[ed] by a person who came to boost my battery after I filed my ICE 3 papers to send to D.C." (Id.)

13. Plaintiff indicates that "Defendant #2 #6 #7" were somehow involved in downloading a phone number onto a phone she bought at the T-Mobile store "to make it appear that I had hired a attorney so the FBI and Taylor family can file a claim for my royalties. Summerville, WVa." (Id. at 13)

---

[6] The undersigned notes that Plaintiff does not name Philip Schwartz as a defendant in this action.

14. Plaintiff appears to allege that upon filing a complaint against "Defendant #1 #3" "in Front Royal, Virginia to DOJ & ICE 3" in Washington, D.C., she was notified by the Richmond Virginia T-Mobile that her phone had been hacked and she had to mail her complaint to the DOJ in Washington, D.C. from Beckley, West Virginia and that her car battery "was stopped." (Id.)

15. On July 4, 2022, Plaintiff alleges that "Defendant #1, #6, #7" were involved in the conspiracy of her T-Mobile phone by not "allowing a new password to be used on new phone" and she was "getting my phone hacked by downloads that could of [sic] come from any phone before." She indicates that when her driver's license was scanned, "a man called and talked to the T-Mobile employee and told him to ask me to use my fingerprint for my phone and I refused to do so."  "This is a conspiracy of patent infringement for my flat screen TV." (Id. at 14)[7]

16. On October 13, 2021, ostensibly regarding "Defendant #2", Plaintiff alleges a "hacked Zoom call at Princeton Microtel on my computer[,] tracked my car[,] violated my HIPPA laws[.]" On October 26, 2021, Plaintiff indicates that "Samsung phone hacked event to Verizon store could not fix sent me to the Phone Dr. had to erase all off my phone could not use because the pin codes I had did not work anymore." On December 3, 2021, Plaintiff "[c]alled John Bryan lawyer after call ended, a law firm from Washington, D.C. website came on my phone screen telling all Federal employee[s] and agents to call the law firm now. Then they downloaded 4 law firms in West Virginia for them to call." Plaintiff indicates that "FBI agents" "used a mental hygiene and passed it around to different people

---

[7] Plaintiff repeats her claims for conspiracy, preventing her from receiving compensation, running out the statute of limitations, preventing her from obtaining counsel, violating her civil rights set forth earlier in her complaint against Defendants from 1993 through 2022, and causing mental and physical injury as a result (Id. at 14-16). Plaintiff states that she "never [k]new who I was talking to on the phone, placed tracker on car; on phone[.]" (Id. at 16)

to keep me from getting a lawyer and collecting any money by intentionally doing things to my phone, dropping pin codes, stopping phone calls[.]" (Id. at 17)

17. Plaintiff indicates that federal employees at the "Beckley Heber St Office" helped "Defendant #1 and Defendant #2" and caused Plaintiff and her family harm by conspiring against her from 1993 to 2022 "and kept me emotional upset and sick all the time and not able to care for my daughter[.]" (Id. at 18)

18. Plaintiff indicates that federal employees in Charleston, West Virginia "worked with Defendant #2 & #4 & #3 #7 to create a conspiracy of many people to stop me from receiving any money from any settlement and cause me pain and suffering and sick & emotional upset all the time." This included filing mental hygiene claims on Plaintiff and preventing her from getting any attorney from 1996 to 2022. (Id.)

19. Plaintiff states that on June 13, 2022, the "IC3 papers were picked up at post office in Washington, D.C. at 4:58 AM by agent of DOJ about the investigation of FBI and employees of conspiracy of me. Defendant #1, #2, #3, #4, #5, #6, #7." (Id. at 19)

20. Plaintiff alleges that from 2010 to 2022, she tried to get a lawyer "inside and out" of West Virginia but was unable to do so. She discovered that the Caldwell & Riffee law firm in Charleston, West Virginia "had a mental hygiene filing on me they were conspiring with the FBI Defendant #2 #3 #1." Plaintiff indicates that the mental hygiene filing "was attached to my social security # and every time som[e]one looked up my social security # on law data base it would show up in all states on [L]egal Shield." (Id.)

In addition to the monetary compensation for the damages mentioned *supra*, Plaintiff asks the Court to "[s]top the FBI and employees to stop harassing me by phone and hacking my phone." (Id. at 20) Additionally, Plaintiff includes a "Motion of Disclosure" in which she seems to ask for

the identity of FBI agents fired in 2021 for conspiracy against her from the Beckley and Charleston locations. (Id. at 21)

## The Standard of Review

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, her Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however,

the District Court may not dismiss the Complaint, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992).

## Discussion

As noted *supra*, this is the third time Plaintiff has filed a complaint based on similar allegations contained in a previous lawsuit she filed in this District (see civil action number 5:21-cv-00677). Clearly, Plaintiff maintains her claims based on "fantastic or delusional scenarios" against the same defendants named in her prior lawsuit but now includes numerous additional defendants. <u>Neitzke</u> at 327-328. As the undersigned had found in her prior lawsuit(s)[8], Plaintiff still fails to substantiate her outlandish allegations with any facts supporting any cognizable claim for relief. As before, Plaintiff continues to fail to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure[9] as it does not contain sufficient facts and circumstances showing that she is entitled to relief. In its ruling on Plaintiff's appeal in her prior lawsuit, this Court observed that Plaintiff failed to establish any facts relating to numerous claims, including but not limited to, her patent claims, an FBI conspiracy spanning thirty years, that her "HIPPA" rights were violated, or that her civil rights were violated (see *Margaret Jean Smith v. United States of America, et al.,* No. 5:21-cv-00677, ECF No. 12). Nothing has changed in the case *sub judice* that causes the undersigned to deviate from his earlier findings and conclusions filed in her two earlier civil actions concerning any of her claims, as Plaintiff has merely reproduced the same allegations herein but with additional, yet no less delusional

---

[8] See also, *Margaret Jean Smith v. US Federal Government Agencies, et al.*, case number 5:22-cv-00154, ECF No. 8.

[9] A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

accusations. To that extent, the undersigned incorporates by reference the reasoning set forth in the prior proposed findings and conclusion (Id., ECF No. 6) as one of the bases for recommending dismissal of this action. Additionally, given the fact that this Court adopted those findings and conclusion regarding Plaintiff's claims, including the additional 'claims' or allegations she raised in her objections to the undersigned's proposed findings and recommendation, the undersigned further finds that Plaintiff's previously adjudicated claims concern the same ones she raises against the Defendants herein.

The doctrines of *res judicata*, collateral estoppel and/or claim preclusion provide yet additional grounds that command dismissal of Plaintiff's current civil action. The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) (citing In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996) (internal citations omitted). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995).

It is apparent that this case involves the same events or offenses complained of in the prior civil action(s) Plaintiff filed in this Court. "The test to determine whether a cause of action is the same is 'to inquire whether the same evidence would support both actions or issues[.]' " See Harrison v. Burford, 2012 WL 2064499, at *3 (S.D.W.Va. Jun. 7, 2012) (citations omitted). The undersigned finds that Plaintiff's allegations or issues raised in the current civil action are the same as those presented in her prior civil action, she merely adds more defendants to bootstrap that claim.[10] Because Plaintiff never appealed this Court's decision in the prior action, the current case is barred by *res judicata*.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), **DISMISS** Plaintiff's Complaint (ECF No. 2) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is

---

[10] In support of her statement that this Court has jurisdiction over this matter, Plaintiff oddly includes 28 U.S.C. § 1359, which provides: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." While the undersigned is at a loss as to why Plaintiff invokes this statute, it is conceivable that the additional named Defendants in this action may be improperly joined parties, given that the claims raised herein mirror those already adjudicated by this Court.

made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: September 22, 2022.



Omar J. Aboulhosn
United States Magistrate Judge