UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

MARGARET JEAN SMITH,

        Plaintiff,

v.                                            CIVIL ACTION NO.  5:22-cv-310

GOVERNMENT, FBI AGENTS
AND EMPLOYEES, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Margaret Jean Smith's (1) Application to Proceed in Forma Pauperis [Doc. 1], and (2) Complaint [Doc. 2], both filed July 29, 2022.

**I.**

Ms. Smith instituted this action on July 29, 2022, and maintains the basis for the federal court jurisdiction is "18 U.S. Code § 241 Conspiracy", "28 U.S.C. § 1331", and "28 U.S. Code § 1359." [Doc. 2 at 6]. The case was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on September 22, 2022. [Doc. 4]. Magistrate Judge Aboulhosn recommended that the Court deny Ms. Smith's Application to Proceed in Forma Pauperis [Doc. 1], dismiss the Complaint [Doc. 3] and remove this matter from the Court's docket. Objections were due on October 11, 2022. On the same day, Ms. Smith requested an extension of time for her objections [Doc. 6] and filed partial objections. [Doc. 7]. Ms. Smith's partial objection asserts: (1) her intention to "amend her original complaint 5:21-cv-

677 not add a new claim", (2) she never received a copy of the Memorandum Opinion and Order, (3) a request that the Court not dismiss the complaint, (4) "new statement of claim and relief", and (5) a request for extension of time "for a lawyer to be able to help [her]." [Doc. 7 at 2]. The Court granted the motion for an extension and set November 11, 2022, for objections. [Doc. 8].

Ms. Smith's objections were filed November 14, 2022. She persists in asserting (1) an FBI office used mental hygiene filings to impede her from getting a lawyer for over 30 years, (2) Defendants conspired against her "from getting any money from investigation," (3) three hygiene petitions were filed against her by "Defendant #2," (4) a tracking device was inserted into her shoulder "to follow [her] wherever [she] went," (5) "Defendant #1 and #2 including an FBI agent" threatened a lawyer if they filed suit, (6) the FBI impeded her ability to receive compensation, and (7) she was stopped from "getting an attorney by putting [her] mental hygiene on legal shield network attached to [her] [Supplemental Security Income Number]." [Doc. 9 at 3-4].

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with

2

sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460. Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.

Ms. Smith's most recent objections repeat, "[i]t was not [her] intention[sic] to file a new civil action, but to do a rewrite of my old civil case 5:21-cv-00677." [Doc. 9 at 1]. In his PF&R, Magistrate Judge Aboulhosn referenced Ms. Smith's earlier case when he stated, "Plaintiff's most recent civil action filed in this District, it appears that she continues to build upon the litany of allegations she initially set forth in an earlier complaint." [Doc. 4 at 2]. The instant matter incorporates past events, "that this Court is now familiar with" but "she also alleges some more recent events in an attempt to bolster her claims." [*Id.*]. Upon a thorough review of the record, Magistrate Judge Aboulhosn provided that "Plaintiff maintains her claims based on 'fantastic or delusional scenarios' against the same defendants named in her prior lawsuit but now includes numerous additional defendants." [*Id.* at 9 (quoting *Neitzke v. Williams*, 490 U.S. 319, 3227-28 (1989))]. Plaintiff's complaint "involves the same events or offenses complained of in the prior civil action(s) Plaintiff filed in this Court" and the PF&R properly asserts that the instant matter is barred by *res judicata*.

While Ms. Smith's objections try to explain why she did not appeal her other case, a potential mailing issue in another matter does not relieve her from *res judicata* in the instant

3

matter. A new civil action is not the proper course to appeal the Court's previous judgment in 5:21-cv-00677. Moreover, Ms. Smith's objections are non-cognizable as they simply re-assert her conspiracy claims included in not only her original complaint in this case, but in other cases throughout the district as well.[1] Overall, as Magistrate Judge Aboulhosn stated, the "Plaintiff still fails to substantiate her outlandish allegations with any facts supporting any cognizable claim for relief." [Doc. 4 at 9].

## IV.

Accordingly, the Court **ADOPTS** the PF&R **[Doc. 4]**, **DENIES** Ms. Smith's Application to Proceed Without Prepayment of Fees and Costs **[Doc. 1]**, **DISMISSES** Plaintiff's Complaint **[Doc. 2]** and remove this matter from the Court's docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTERED: June 7, 2024

Frank W. Volk
United States District Judge

---

[1] *See also Margaret Jean Smith v. United States of America, et al.*, No. 5:21-cv-677, *Margaret Jean Smith v. US Federal Government Agencies, et al.*, No. 5:22-cv-00154, and *Margaret Jean Smith v. Dept. of Justice, et al.*, No. 5:24-cv-00015.